IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS C. SHEPTIN | : CIVIL ACTION |
| v. | : |
| CARDIONET | : NO. 12-4129 |

MEMORANDUM

DUBOIS, J.                                                      JULY 26, 2012

Plaintiff Louis C. Sheptin filed this pro se civil action against Cardionet, Inc.,[1] based on his assertion that Cardionet sent him a defective heart monitor. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his Complaint without prejudice to his filing an amended complaint.

I.   FACTS

Plaintiff suffers from coronary disease and other ailments. On June 12, 2012, Cardionet sent plaintiff a heart monitor with a notice informing him that he would be charged $1,000.00 if he failed to return the monitor. It appears from attachments to the Complaint that plaintiff received the monitor in connection with a study in which he was participating. According to the Complaint, the monitor was defective because it "alarmed when it was not even attached to plaintiff's chest," but Cardionet refused to replace or repair it. (Compl. ¶ III.C.) Plaintiff claims that he suffered emotional distress as a result of the

---

[1] The defendant is identified as "Cardionet" in the caption of the Complaint and as "Cardionet, Inc." on the second page of the Complaint.

1

defective monitor and suggests that the monitor was responsible for the fact that he underwent angioplasty on June 28, 2012, and had a stroke on July 3, 2012. He further claims that Cardionet's notice discriminated against him, and that "there are concerns about the legitimacy of this firm [Cardionet] and false claims [i.e., Medicaid fraud]." (Id. ¶ IV.)

Based on those allegations, the Complaint purports to assert federal claims pursuant to 42 U.S.C. § 1983 and the False Claims Act, as well as state law claims. Among other things, plaintiff seeks $1 million in compensatory damages and punitive damages.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction,

the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

The Court will dismiss plaintiff's § 1983 claims as well as his claim under the False Claims Act (FCA). "[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." See Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). Plaintiff has failed to state a claim under § 1983 because nothing in the Complaint suggests that he was deprived of a federal right or that Cardionet acted under color of state law. See Johnson v. Orr, 780 F.2d 386, 390 (3d Cir. 1986) (for purposes of showing that a defendant acted under color of state law, there must be "a sufficiently close nexus between the State and the challenged action," or "a symbiotic relationship between the actor and the state such that the challenged action can fairly be attributed to the state") (quotations omitted). Additionally, the Court must dismiss plaintiff's claim under the FCA because "a pro se relator [who is not an attorney] cannot prosecute a qui tam action on behalf of the United States." Stoner v. Santa Clara Cnty. Office of Educ., 502 F.3d 1116, 1127 (9th Cir. 2007). Furthermore, the Complaint does not state a claim under any other federal laws, including those prohibiting discrimination.

To the extent that plaintiff is bringing claims under state law, there is no independent basis for jurisdiction over those claims. Diversity jurisdiction requires diversity of citizenship

3

among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Complaint asserts that plaintiff is a citizen of California and that Cardionet, which is identified as a corporation, maintains its principal place of business in Pennsylvania. However, the Complaint does not reflect Cardionet's state of incorporation. Accordingly, as it is not clear whether complete diversity exists among the parties, the Court may not exercise jurisdiction pursuant to § 1332(a). See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant.").

A district court should ordinarily allow a pro se plaintiff to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). Accordingly, plaintiff will be given an opportunity to file an amended complaint to the extent that he can cure any of the deficiencies in his initial Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's Complaint without prejudice to his filing an amended

complaint. An appropriate order follows.[2]

---

[2] As the Court has dismissed all of plaintiff's claims, he is not entitled to counsel at this time. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Accordingly, the request for counsel that is contained in his Complaint is denied without prejudice to his filing a motion for counsel at a later time.